Charles M. Lizza
William C. Baton
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey  07102-5426
(973) 286-6700
clizza@saul.com

**OF COUNSEL:**
Douglas Carsten
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130

Veronica S. Ascarrunz
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
Suite 500
Washington, DC 20006

William C. Jackson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015

*Attorneys for Plaintiffs*
*United Therapeutics Corporation and*
*Supernus Pharmaceuticals, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED THERAPEUTICS CORPORATION and SUPERNUS PHARMACEUTICALS, INC.**<br><br>                    **Plaintiffs,**<br><br>         **v.**<br><br>**ACTAVIS LABORATORIES FL, INC.,**<br><br>                    **Defendant.** | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**<br><br><br>**(Filed Electronically)** |

1

Plaintiffs United Therapeutics Corporation ("UTC") and Supernus Pharmaceuticals, Inc. ("Supernus"), (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Actavis Laboratories FL, Inc. ("Actavis"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.*, involving United States Patent Nos. 7,417,070 ("the '070 patent") (attached as Exhibit A hereto), 7,544,713 ("the '713 patent") (attached as Exhibit B hereto), 8,252,839 ("the '839 patent") (attached as Exhibit C hereto), 8,349,892 ("the '892 patent") (attached as Exhibit D hereto), 8,410,169 ("the '169 patent") (attached as Exhibit E hereto), 8,497,393 ("the '393 patent") (attached as Exhibit F hereto), 9,050,311 ("the '311 patent") (attached as Exhibit G hereto), 8,747,897 ("the '897 patent") (attached as Exhibit H hereto), and 9,278,901 ("the '901 patent") (attached as Exhibit I hereto).

2.      This action arises out of Actavis's submission of Abbreviated New Drug Application ("ANDA") No. 208906 to the United States Food and Drug Administration ("FDA") seeking approval, prior to the expiration of the '070, '713, '839, '892, '169, '393, '311,'897, and '901 patents, to manufacture, market, and sell a generic copy of UTC's ORENITRAM® (treprostinil) Extended-Release Tablets that is approved by FDA for treatment of pulmonary arterial hypertension.

## THE PARTIES

3.      UTC is a corporation organized and existing under the laws of the State of Delaware, and having a place of business at 1040 Spring Street, Silver Spring, Maryland 20910. UTC is a pharmaceutical and biotechnology company focused on the development and

commercialization of products designed to address the needs of patients with chronic and life-threatening conditions.

4.     Supernus is a corporation organized and existing under the laws of the State of Delaware, and having a place of business at 1550 East Gude Drive, Rockville, MD 20850. Supernus is a specialty pharmaceutical company focused on developing and commercializing products for the treatment of central nervous system (CNS) disorders.

5.     Upon information and belief, Actavis is a corporation organized and existing under the laws of the State of Florida and having a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

8.     Upon information and belief, this Court has personal jurisdiction over Actavis with respect to this Complaint because of, *inter alia*, its continuous and systematic contacts with this Judicial District.  The notice letter was sent from Actavis at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey, NJ 07054.  Upon information and belief, Actavis has a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey, NJ 07054.  Upon information and belief, Actavis derives substantial revenue from articles used and consumed in this Judicial District and, consistent with its practice with respect to other generic products, following any FDA approval of Actavis's ANDA, Actavis will sell its generic product throughout the United States, including in this Judicial District. Upon information and belief, Actavis employs people throughout New Jersey, including at least

the following locations: Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054; 100 Enterprise Drive, Rockaway, New Jersey 07866; and 350 Mt. Kemble Avenue, Morristown, New Jersey 07960.

## BACKGROUND

9.      UTC holds an approved New Drug Application (No. 203496) for treprostinil extended-release tablets that UTC markets and sells under the registered trademark ORENITRAM®.

10.      ORENITRAM® is a pharmaceutical product initially approved by FDA in the United States in December 2013, and is indicated for the treatment of pulmonary arterial hypertension.  Pulmonary arterial hypertension is a rare disease affecting the pulmonary vasculature and results in increased pressure in the pulmonary arteries, which increases strain on the heart, which, in turn, can lead to heart failure and death.

11.      ORENITRAM® is an extended-release tablet available in four dosage strengths, 0.125 mg, 0.25 mg, 1 mg, and 2.5 mg.  ORENITRAM® is designed to release treprostinil using an osmotic tablet technology.

12.      The '070 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark Office on August 26, 2008.  The named inventors are Ken Phares and David Mottola.

13.      UTC is the lawful owner of the '070 patent by assignment of all right, title and interest in and to the '070 patent, including the right to bring infringement suits thereon.

14.      The '713 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark Office on June 9, 2009.  The named inventors are Ken Phares and David Mottola.

15.      UTC is the lawful owner of the '713 patent by assignment of all right, title and interest in and to the '713 patent, including the right to bring infringement suits thereon.

16.      The '839 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark Office on August 28, 2012.  The named inventors are Ken Phares and David Mottola.

17.      UTC is the lawful owner of the '839 patent by assignment of all right, title and interest in and to the '839 patent, including the right to bring infringement suits thereon.

18.      The '892 patent, entitled "Solid formulations of prostacyclin analogs" was duly and legally issued by the United States Patent and Trademark Office on January 8, 2013.  The named inventor is Kenneth R. Phares.

19.      UTC is the lawful owner of the '892 patent by assignment of all right, title and interest in and to the '892 patent, including the right to bring infringement suits thereon.

20.      The '169 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark Office on April 2, 2013.  The named inventors are Ken Phares and David Mottola.

21.      UTC is the lawful owner of the '169 patent by assignment of all right, title and interest in and to the '169 patent, including the right to bring infringement suits thereon.

22.      The '393 patent, entitled "Process to prepare treprostinil, the active ingredient in Remodulin®," was duly and legally issued by the United States Patent and Trademark Office on July 30, 2013.  The named inventors are Hitesh Batra, Sudersan M. Tuladhar, Raju Penmasta, and David A. Walsh.

23.      UTC is the lawful owner of the '393 patent by assignment of all right, title and interest in and to the '393 patent, including the right to bring infringement suits thereon.

24.     The '311 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark Office on June 9, 2015.  The named inventors are Ken Phares, David Mottola, and Hitesh Batra.

25.     UTC is the lawful owner of the '311 patent by assignment of all right, title and interest in and to the '311 patent, including the right to bring infringement suits thereon.

26.     The '897 patent, entitled "Osmotic drug delivery system," was duly and legally issued by the United States Patent and Trademark Office on June 10, 2014.  The named inventors are Argaw Kidane and Padmanabh P. Bhatt.

27.     Supernus is the lawful owner of the '897 patent by assignment of all right, title and interest in and to the '897 patent, including the right to bring infringement suits thereon. UTC is the exclusive licensee of the '897 patent, holding an exclusive license to develop, make, have made, use, offer for sale, sell, have sold, and import products covered by the '897 patent.

28.     The '901 patent, entitled "Compounds and methods for delivery of prostacyclin analogs," was duly and legally issued by the United States Patent and Trademark office on March 8, 2016.  The named inventors are Ken Phares, David Mottola, and Roger Jeffs.

29.     UTC is the lawful owner of the '901 patent by assignment of all right, title and interest in and to the '901 patent, including the right to bring infringement suits thereon.

30.     ORENITRAM® and its FDA-approved manufacture and uses are covered by one or more claims of the '070, '713, '839, '892, '169, '393, '311,'897, and '901 patents, which have been listed in connection with ORENITRAM® in FDA's *Approved Drug Products with Therapeutic Equivalents* publication (also known as the "Orange Book").

## ACTS GIVING RISE TO THIS ACTION

31.     Actavis notified Plaintiffs by letter dated February 17, 2016, which was delivered to Plaintiffs on or about Thursday, February 18, 2016 ("Actavis's Notice Letter"), that it had filed ANDA No. 208906 with FDA seeking approval to commercially manufacture, market, use, and sell generic copies of ORENITRAM® (treprostinil) Extended-Release Tablets, 2.5 mg ("Actavis's ANDA Product") prior to the expiration of the '070, '713, '839, '892, '169, '393, '311, and '897 patents.

32.     Actavis's Notice Letter included a statement under 21 U.S.C. § 355(j)(2)(vii)(IV) purporting to recite Actavis's "factual and legal basis" for its opinion that the '070, '713, '839, '892, '169, '393, '311, and '897 patents are not valid, are unenforceable, and/or would not be infringed by the commercial manufacture, use, or sale of Actavis's ANDA Product. Yet, that statement did not include any explanation as to why claims 2 and 3 of the '070 patent, claims 1-22 and 24-26 of the '713 patent, claim 5 of the '839 patent, claims 1-7 of the '169 patent, any claim of the '393 patent, and any claim of the '311 patent were allegedly invalid.  The statement also did not include any explanation as to why independent claim 1 of the '070 patent, independent claim 23 of the '713 patent, independent claim 1 of the '839 patent, and independent claim 8 of the '169 patent are allegedly not infringed.  Actavis's Notice Letter also did not include anything beyond conclusory statements regarding alleged non-infringement. Actavis provided no explanation as to any alleged unenforceability.

33.     Upon information and belief, Actavis submitted ANDA No. 208906 with FDA seeking approval to commercially manufacture, market, use, and sell generic copies of Actavis's ANDA Product prior to the expiration of the '070, '713, '839, '892, '169, '393, '311, and '897 patents; accordingly, because the '901 patent expires no earlier than one or more of the '070,

'713, '839, '892, '169, '393, '311, and '897 patents, Actavis also submitted ANDA No. 208906 with FDA seeking approval to commercially manufacture, market, use, and sell generic copies of Actavis's ANDA Product prior to the expiration of the '901 patent.

34.     Plaintiffs are commencing this action before the expiration of forty-five days from the date Plaintiffs received Actavis's Notice Letter.

35.     Upon information and belief, Actavis's ANDA Product contains the same active compound as UTC's approved ORENITRAM® product.

36.     Upon information and belief, Actavis's ANDA No. 208906 seeks approval from FDA to market Actavis's ANDA Product for the same indication as UTC's approved ORENITRAM® product.

37.     Upon information and belief, Actavis represented to FDA in ANDA No. 208906 that Actavis's ANDA Product is bioequivalent to UTC's approved ORENITRAM® product.

38.     Upon information and belief, Actavis intends to commercially manufacture, use, sell, offer for sale, and/or import Actavis's ANDA Product upon, or in anticipation of, FDA approval.

39.     According to Actavis's Notice Letter, Actavis's ANDA No. 208906 contained a "Paragraph IV" certification pursuant to 21 U.S.C. § 355(j)(2)(vii)(IV) stating that in Actavis's opinion the '070, '713, '839, '892, '169, '393, '311, and '897 patents are invalid, unenforceable, and/or would not be infringed by the commercial manufacture, use or sale of Actavis's ANDA Product.

40.     Upon information and belief, as of the date of Actavis's Notice Letter, Actavis was aware of the statutory provisions and regulations set forth in 21 U.S.C. §§ 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(6).

41.     Upon information and belief, the acts of infringement by Actavis have been intentional and willful.

42.     In Actavis's Notice Letter, Actavis offered confidential access to portions of the Actavis ANDA on terms and conditions set forth in paragraph VII of the Actavis Notice Letter ("Actavis Offer").  Actavis requested that Plaintiffs accept the Actavis Offer before receiving access to any portion of the Actavis ANDA.  The Actavis Offer contained sweeping, unreasonable restrictions that differ materially from restrictions found under protective orders, such as those protective orders in pending, related cases in the United States District Court for the District of New Jersey.  For example, the Actavis Offer required that Plaintiffs' outside counsel "do not engage, formally or informally, in *any* patent prosecution for UTC or Supernus, or *any* FDA counseling, litigation or other work before or involving the FDA" (emphasis added).

43.     Under 21 U.S.C. § 355(j)(5)(C)(i)(III), an "offer of confidential access shall contain such restrictions . . . on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

44.     UTC attempted to negotiate with Actavis to obtain relevant information from the Actavis ANDA under restrictions "as would apply had a protective order been issued."  Those negotiations were unsuccessful.  For example, Actavis insisted that attorneys representing Plaintiffs and in-house counsel and the staff of such counsel agree not to be engaged in any patent prosecution or any FDA counseling, litigation or other work before or involving the FDA, though such a restrictions have not been present in any prior protective order relating to any other UTC treprostinil-containing product, such as REMODULIN® (treprostinil) Injection and TYVASO® (treprostinil) Inhalation Solution, including litigation involving corporate affiliates of

Actavis.  *See United Therapeutics Corp. v. Watson Labs., Inc.*, 3:15-cv-05723-PGS-LHG, Protective Order, Docket No. 36 (D.N.J. Jan. 13, 2016); *United Therapeutics Corp. v. Sandoz, Inc.*, 3:14-cv-05499-PGS-LHG, Stipulated Protective Order and Cross Use Agreement, Docket No. 23 (D.N.J. Jan. 15, 2015); *United Therapeutics Corp. v. Teva Pharmaceuticals USA, Inc.*, 3:14-cv-05498-PGS-LHG, Amended Stipulated Protective Order, Docket No. 41 (D.N.J. Apr. 10, 2015); *United Therapeutics Corp. v. Sandoz, Inc.*, 3:12-cv-01617-PGS-LHG, Protective Order, Docket No. 32 (D.N.J. Sept. 12, 2012).  UTC objected to this provision of Actavis's Offer as unreasonable and in violation of 21 U.S.C. § 355(j)(5)(C)(i)(III).

45.    Plaintiffs are not aware of any other means of obtaining information regarding Actavis's ANDA Product within the 45-day statutory period.  Without such information, Plaintiffs will use the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to confirm its allegations of infringement and to present to the Court evidence that Actavis's ANDA Product fall within the scope of one or more claims of the '070, '713, '839, '892, '169, '393, '311, '897, and '901 patents.

## COUNT 1: INFRINGEMENT OF THE '070 PATENT UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

46.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

47.    Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '070 patent.

48.    Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product

upon receiving FDA approval prior to the expiration of the '070 patent creates an actual and justiciable controversy with respect to infringement of the '070 patent.

49.     Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '070 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

50.     Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '070 patent was an act of infringement of the '070 patent under 35 U.S.C. § 271(e)(2).

51.     Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '070 patent.

52.     Upon information and belief, Actavis will induce others to infringe one or more claims of the '070 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its active pharmaceutical ingredient ("API"), or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '070 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of

11

others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

53.    Upon information and belief, Actavis will also contributorily infringe one or more claims of the '070 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '070 patent.

54.    Upon information and belief, Actavis will also infringe one or more claims of the '070 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

55.    Upon information and belief, Actavis was and is aware of the existence of the '070 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '070 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

56.    UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '070 patent is not enjoined by this Court. UTC does not have an adequate remedy at law.

**57.**    Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## COUNT 2: INFRINGEMENT OF THE '713 PATENT
## UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

58.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

59.     Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '713 patent.

60.     Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '713 patent creates an actual and justiciable controversy with respect to infringement of the '713 patent.

61.     Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '713 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

62.     Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '713 patent was an act of infringement of the '713 patent under 35 U.S.C. § 271(e)(2).

63.     Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '713 patent.

64.     Upon information and belief, Actavis will induce others to infringe one or more claims of the '713 patent under 35 U.S.C. § 271(b) by, among other things, actively and

knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '713 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

65.     Upon information and belief, Actavis will also contributorily infringe one or more claims of the '713 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '713 patent.

66.     Upon information and belief, Actavis will also infringe one or more claims of the '713 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

67.     Upon information and belief, Actavis was and is aware of the existence of the '713 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '713 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

68.     UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '713 patent is not enjoined by this Court. UTC does not have an adequate remedy at law.

69.     Upon information and belief, the acts of infringement by Actavis will be intentional and willful

**COUNT 3: INFRINGEMENT OF THE '839 PATENT
UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)**

70.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

71.    Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '839 patent.

72.    Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '839 patent creates an actual and justiciable controversy with respect to infringement of the '839 patent.

73.    Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '839 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

74.    Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '839 patent was an act of infringement of the '839 patent under 35 U.S.C. § 271(e)(2).

75.    Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable

15

DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '839 patent.

76. Upon information and belief, Actavis will induce others to infringe one or more claims of the '839 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '839 patent. Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

77. Upon information and belief, Actavis will also contributorily infringe one or more claims of the '839 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '839 patent.

78. Upon information and belief, Actavis will also infringe one or more claims of the '839 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

79. Upon information and belief, Actavis was and is aware of the existence of the '839 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '839 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

80.     UTC will be substantially and irreparably damaged and harmed if Actavis's

infringement of the '839 patent is not enjoined by this Court. UTC does not have an adequate

remedy at law.

81.     Upon information and belief, the acts of infringement by Actavis will be

intentional and willful.

**COUNT 4: INFRINGEMENT OF THE '892 PATENT
UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)**

82.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth

herein.

83.     Upon information and belief, upon FDA approval Actavis will manufacture,

market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in

infringement of one or more claims of the '892 patent

84.     Actavis's submission of ANDA 208906 and Actavis's intention to engage in the

commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product

upon receiving FDA approval prior to the expiration of the '892 patent creates an actual and

justiciable controversy with respect to infringement of the '892 patent.

85.     Upon information and belief, Actavis's submission of ANDA No. 208906 and

upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for

sale and/or importation into the United States of Actavis's ANDA Product currently infringes

and will directly infringe one or more claims of the '892 patent, and will indirectly infringe by

actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C.

§ 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

86.     Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval

to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA

17

Product prior to expiration of the '892 patent was an act of infringement of the '892 patent under 35 U.S.C. § 271(e)(2).

87.    Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '892 patent.

88.    Upon information and belief, Actavis will induce others to infringe one or more claims of the '892 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '892 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

89.    Upon information and belief, Actavis will also contributorily infringe one or more claims of the '892 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '892 patent.

90.    Upon information and belief, Actavis will also infringe one or more claims of the '892 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

91.     Upon information and belief, Actavis was and is aware of the existence of the
'892 patent and acted without a reasonable basis for believing that it would not be liable for
infringement of the '892 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

92.     UTC will be substantially and irreparably damaged and harmed if Actavis's
infringement of the '892 patent is not enjoined by this Court. UTC does not have an adequate
remedy at law.

93.     Upon information and belief, the acts of infringement by Actavis will be
intentional and willful.

## COUNT 5: INFRINGEMENT OF THE '169 PATENT
## UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

94.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth
herein.

95.     Upon information and belief, upon FDA approval Actavis will manufacture,
market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in
infringement of one or more claims of the '169 patent.

96.     Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in
the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product
upon receiving FDA approval prior to the expiration of the '169 patent creates an actual and
justiciable controversy with respect to infringement of the '169 patent.

97.     Upon information and belief, Actavis's submission of ANDA No. 208906 and,
upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for
sale and/or importation into the United States of Actavis's ANDA Product currently infringes
and will directly infringe one or more claims of the '169 patent, and will indirectly infringe by

actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

98.     Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '169 patent was an act of infringement of the '169 patent under 35 U.S.C. § 271(e)(2).

99.     Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '169 patent.

100.     Upon information and belief, Actavis will induce others to infringe one or more claims of the '169 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '169 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

101.     Upon information and belief, Actavis will also contributorily infringe one or more claims of the '169 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '169 patent.

20

102.   Upon information and belief, Actavis will also infringe one or more claims of the '169 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

103.   Upon information and belief, Actavis was and is aware of the existence of the '169 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '169 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

104.   UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '169 patent is not enjoined by this Court. UTC does not have an adequate remedy at law.

105.   Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## COUNT 6: INFRINGEMENT OF THE '393 PATENT UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

106.   Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

107.   Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Product, which will result in infringement of one or more claims of the '393 patent.

108.   Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '393 patent creates an actual and justiciable controversy with respect to infringement of the '393 patent.

109.     Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '393 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

110.     Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '393 patent was an act of infringement of the '393 patent under 35 U.S.C. § 271(e)(2).

111.     Upon information and belief, Actavis's ANDA Products or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '393 patent.

112.     Upon information and belief, Actavis will induce others to infringe one or more claims of the '393 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '393 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

113.     Upon information and belief, Actavis will also contributorily infringe one or more claims of the '393 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses.  Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '393 patent.

114.     Upon information and belief, Actavis will also infringe one or more claims of the '393 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

115.     Upon information and belief, Actavis was and is aware of the existence of the '393 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '393 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

116.     UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '393 patent is not enjoined by this Court.  UTC does not have an adequate remedy at law.

117.     Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## COUNT 7: INFRINGEMENT OF THE '311 PATENT
## UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

118.     Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

119.     Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '311 patent.

120.    Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '311 patent creates an actual and justiciable controversy with respect to infringement of the '311 patent.

121.    Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '311 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

122.    Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '311 patent was an act of infringement of the '311 patent under 35 U.S.C. § 271(e)(2).

123.    Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '311 patent.

124.    Upon information and belief, Actavis will induce others to infringe one or more claims of the '311 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims

24

of the '311 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

125.    Upon information and belief, Actavis will also contributorily infringe one or more claims of the '311 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '311 patent.

126.    Upon information and belief, Actavis will also infringe one or more claims of the '311 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

127.    Upon information and belief, Actavis was and is aware of the existence of the '311 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '311 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

128.    UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '311 patent is not enjoined by this Court. UTC does not have an adequate remedy at law.

129.    Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## COUNT 8: INFRINGEMENT OF THE '897 PATENT
## UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

130.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

131.    Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '897 patent.

132.    Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '897 patent creates an actual and justiciable controversy with respect to infringement of the '897 patent.

133.    Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '897 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

134.    Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '897 patent was an act of infringement of the '897 patent under 35 U.S.C. § 271(e)(2).

135.    Upon information and belief, Actavis's ANDA Product as described in and/or directed by Actavis's proposed labeling, ANDA, applicable DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '897 patent.

136.    Upon information and belief, Actavis will induce others to infringe one or more claims of the '897 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer

26

of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '897 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

137.   Upon information and belief, Actavis will also contributorily infringe one or more claims of the '897 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '897 patent.

138.   Upon information and belief, Actavis will also infringe one or more claims of the '897 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

139.   Upon information and belief, Actavis was and is aware of the existence of the '897 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '897 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

140.   Plaintiffs will be substantially and irreparably damaged and harmed if Actavis's infringement of the '897 patent is not enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

141.   Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## COUNT 9: INFRINGEMENT OF THE '901 PATENT
## UNDER 35 U.S.C. §§ 271(a)-(c), (e) and (g)

142.    Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

143.    Upon information and belief, upon FDA approval Actavis will manufacture, market, sell, offer to sell, import, and distribute Actavis's ANDA Products, which will result in infringement of one or more claims of the '901 patent.

144.    Actavis's submission of ANDA No. 208906 and Actavis's intention to engage in the commercial manufacture, use, sale, offer for sale, or importation of Actavis's ANDA Product upon receiving FDA approval prior to the expiration of the '901 patent creates an actual and justiciable controversy with respect to infringement of the '901 patent.

145.    Upon information and belief, Actavis's submission of ANDA No. 208906 and, upon FDA approval of Actavis's ANDA, Actavis's commercial manufacture, use, sale, offer for sale and/or importation into the United States of Actavis's ANDA Product currently infringes and will directly infringe one or more claims of the '901 patent, and will indirectly infringe by actively inducing infringement by others, under one or more of 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), 35 U.S.C. § 271(c), 35 U.S.C. § 271(e), and/or 35 U.S.C. § 271(g).

146.    Actavis's submission of ANDA No. 208906 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, and/or offer for sale of Actavis's ANDA Product prior to expiration of the '901 patent was an act of infringement of the '901 patent under 35 U.S.C. § 271(e)(2).

147.    Upon information and belief, Actavis's ANDA Product or an intermediate in its manufacture as described in and/or directed by Actavis's proposed labeling, ANDA, applicable

DMF, and/or other corporate documents for Actavis's ANDA Product would infringe one or more claims of the '901 patent.

148.     Upon information and belief, Actavis will induce others to infringe one or more claims of the '901 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to, the manufacturer of Actavis's ANDA Product, or its API, or other subsequent purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of one or more claims of the '901 patent.  Upon information and belief, Actavis's aiding and abetting includes Actavis's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of infringing products pursuant to Actavis's ANDA.

149.     Upon information and belief, Actavis will also contributorily infringe one or more claims of the '901 patent under 35 U.S.C. § 271(c) in that Actavis will make, use, sell, offer to sell, and/or import its ANDA Product and/or the API thereof, which Actavis knows has no substantial non-infringing uses. Upon information and belief, subsequent purchasers, distributors, or users thereof will also directly infringe one or more claims of the '901 patent.

150.     Upon information and belief, Actavis will also infringe one or more claims of the '901 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using Actavis's ANDA Product or the API or an intermediate thereof which is neither materially changed by subsequent process nor a trivial or non-essential component of another product.

151.     Upon information and belief, Actavis was and is aware of the existence of the '901 patent and acted without a reasonable basis for believing that it would not be liable for infringement of the '901 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285.

152.    UTC will be substantially and irreparably damaged and harmed if Actavis's infringement of the '901 patent is not enjoined by this Court. UTC does not have an adequate remedy at law.

153.    Upon information and belief, the acts of infringement by Actavis will be intentional and willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1.    A Judgment that Actavis:

    A.  has infringed the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent;

    B.  will induce infringement of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent; and

    C.  will contribute to the infringement by others of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent;

2.    A Judgment pursuant to 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval of Actavis's ANDA Product be not earlier than the latest of the expiration dates of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent, inclusive of any extension(s) and additional period(s) of exclusivity to which UTC and/or Supernus are or may become entitled;

3.     A Judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Actavis, its officers, agents, servants, employees, parents, subsidiaries, affiliate corporations, other business entities and all other persons acting in concert, participation, or privity with them, their successors, and assigns, from infringing, contributorily infringing, or inducing others to infringe the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent, including engaging in the commercial manufacture, use, sale, sale, offer for sale, and/or importation in the United States of the product that is the subject of ANDA No. 208906 and/or any applicable DMF until the expiration of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent, inclusive of any extension(s) and additional period(s) of exclusivity to which UTC and/or Supernus are or may become entitled;

4.     A Judgment declaring that making, using, selling, offering for sale, or importing into the United States of Actavis's ANDA Product, or any product or compound that infringes one or more of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent, prior to the expiration dates of the respective patents, will infringe, actively induce infringement of, and will contribute to the infringement by others of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent;

5.     Temporary, preliminary, permanent, or other injunctive relief as necessary or appropriate should Actavis seek to commercially manufacture, use, sell, offer to sell, or import Actavis's ANDA Product prior to disposition of this action and/or the expiration of the '070

patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent;

6.      A Judgment awarding Plaintiffs damages or other monetary relief, pursuant to 35 U.S.C. §§ 271(e)(4)(c) and 284, if Actavis commercially manufactures, uses, sells, offers to sell and/or imports any product that is the subject of ANDA No. 208906 that infringes one or more of the '070 patent, the '713 patent, '839 patent, the '892 patent, the '169 patent, the '393 patent, the '311 patent, the '897 patent, and the '901 patent;

7.      A Judgment declaring that Actavis's infringement has been willful;

8.      A Judgment awarding Plaintiffs their actual damages for willful infringement;

9.      A Judgment declaring that, pursuant to 35 U.S.C. § 285, this is an exceptional case and awarding Plaintiffs their attorneys' fees;

10.     Costs and expenses in this action; and

11.     Such further and other relief as this Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs request trial by jury for any issues so triable.

Dated: March 31, 2016

*Of Counsel:*

Douglas Carsten
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130

Veronica S. Ascarrunz
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
Suite 500
Washington, DC 20006

William C. Jackson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015

Respectfully submitted,

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiffs*
    *United Therapeutics Corporation*
    *and Supernus Pharmaceuticals, Inc.*

1

## <u>LOCAL CIVIL RULE 11.2 & 40.1 CERTIFICATION</u>

Plaintiffs hereby certify that, to their knowledge, the matter in controversy in this action is not the subject of any other pending lawsuit, arbitration, or administrative proceeding other than the following proceedings:

- *United Therapeutics Corporation v. Watson Laboratories, Inc.*, Civil Action No. 15-5723 (PGS)(LHG) (D.N.J.); and

- *Supernus Pharmaceuticals, Inc. v. Hon. Michelle K. Lee*, Civil Action No. 16-342 (GBL)(IDD) (E.D. Va.).

The first case is identified as related because one of the nine patents being asserted in the present case, the '393 patent, was asserted by United Therapeutics Corporation in that case. The present case involves a product, Orenitram® (treprostinil) Extended-Release Tablets, which is not at issue in that case. The remaining eight patents in the present case are not related to the '393 patent. The second case is listed as a related case because it is an action seeking to correct the patent term adjustment under 35 U.S.C. § 154 for one of the other nine asserted patents, the '897 patent.

Dated: March 31, 2016

*Of Counsel:*

Douglas Carsten
WILSON SONSINI GOODRICH & ROSATI
12235 El Camino Real
Suite 200
San Diego, CA 92130

Veronica S. Ascarrunz
WILSON SONSINI GOODRICH & ROSATI
1700 K Street, NW
Suite 500
Washington, DC 20006

William C. Jackson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, NW
Washington, DC 20015

Respectfully submitted,

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiffs*
    *United Therapeutics Corporation*
    *and Supernus Pharmaceuticals, Inc.*

3