UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED THERAPEUTICS CORPORATION and SUPERNUS PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTAVIS LABORATORIES FL, INC., <br><br> Defendant. | Civil Action No. 16-01816-PGS-LHG <br> Civil Action No. 16-3642-PGS-LHG <br> (consolidated) <br><br> **OPINION TO SEAL** <br><br> *Electronically Filed* |

**THIS MATTER** having been opened to the Court by the joint application of Plaintiffs United Therapeutics Corporation and Supernus Pharmaceuticals, Inc., (collectively, "Plaintiffs") and Defendant Actavis Laboratories, FL, Inc. ("Actavis") by and through their undersigned counsel, in connection with the parties' Motion to Seal, pursuant to Local Civil Rule 5.3(c) portions of: (1) Plaintiffs' October 6, 2016 Letter to Hon. Lois H. Goodman, U.S.M.J., ("October 6 Letter") (D.E. 39); and (2) Request for International Judicial Assistance ("Request") (D.E. 39-1); and the Court having considered the papers submitted by the parties in support of the Motion; and any papers in reply thereto; and the Court having considered and adopted the Declaration of Liza M. Walsh, counsel for Actavis, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and support the sealing of the confidential documents and information; and for other and good cause having been shown, the Court hereby finds:

### FINDINGS OF FACT

A. Through discovery in this case, the parties have produced confidential information, the public disclosure of which would affect legitimate business interests. To protect the

confidentiality of this information, the parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO"), entered by this Court on September 6, 2016. (D.I. 33).

B. The DCO allows the parties to designate information as "Confidential" or "Highly Confidential." The DCO acknowledges that the parties will exchange documents that contain confidential information, and strictly limits access these documents. The DCO further provides that a party wishing to use material designated as "Confidential" or "Highly Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), the parties move to seal portions of Plaintiffs' October 6 Letter and Request relating to Actavis's proprietary commercial and business interests, including information relevant to its research, development, technical and supplier information, and manufacturing operations concerning Actavis's proposed ANDA product because Actavis submit they contain, reference and discuss documents and information designated by Actavis as "Confidential" or "Highly Confidential."

D. Specifically, the following portions of the above document contain confidential information:

- October 6 Letter:
    - Page 1, second paragraph, lines 1-3 in their entirety; and
    - Page 2, lines 1-3 in their entirety;
- Request:
    - Page 7, Paragraph 1, from the beginning of line 2 until "Without" on line 4;

- Page 8, Numbered paragraph 10, line 2 after "and above" until "A list" on line 5;

- Exhibit A on Page 11, numbered requests 1-15 in their entirety;

- Page 12 in its entirety;

- Exhibit B on Page 13, numbered requests 1-12 in their entirety; and

- Page 14, numbered requests 13-17 in their entirety.

These select portions of the above documents are collectively referred to herein as the "Confidential Information."

E. The Confidential Information contains and/or reflects information that Actavis has designated as "Confidential" or "Highly Confidential" pursuant to the DCO.

F. In particular, the Confidential Information discloses Actavis's proprietary commercial and business interests, including information relevant to its research, development, technical and supplier information concerning the formulation of Actavis's proposed ANDA product, which information is presently confidential and unavailable to the public.

G. The DCO entered in this matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: Actavis, a party to this patent case has a legitimate interest in maintaining the confidentiality of its commercial strategies, as well as information relevant to research, development, technical and supplier information. The clearly defined and serious injury that would result if the Confidential Information is disclosed is: Actavis would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against the Actavis. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not

parties to this action would have access to the information. There is no less restrictive alternative to the sealing of the Confidential Information.

H. The parties have complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Information.

**CONCLUSIONS OF LAW**

A. The Court, having considered this matter pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the parties' submissions in support of the Motion, finds that Actavis has satisfied its burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Documents are highly confidential or confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp., 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). Additionally, courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A

well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The information in the parties' submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Information.

**THEREFORE**, it is on this 22ND day of MAY, 2016;

**ORDERED** as follows:

1. The following portions of the October 6 Letter and Request contain confidential information:

    - October 6 Letter:
        o Page 1, second paragraph, lines 1-3 in their entirety; and
        o Page 2, lines 1-3 in their entirety;

5

- Request:
    - Page 7, Paragraph 1, from the beginning of line 2 until "Without" on line 4;
    - Page 8, Numbered paragraph 10, line 2 after "and above" until "A list" on line 5;
    - Exhibit A on Page 11, numbered requests 1-15 in their entirety;
    - Page 12 in its entirety;
    - Exhibit B on Page 13, numbered requests 1-12 in their entirety; and
    - Page 14, numbered requests 13-17 in their entirety.

2. The Court further finds that Actavis would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such highly confidential or confidential information, that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the parties' joint Motion [43] pursuant to Local Civil Rule 5.3(c) to Seal the above referenced portions of the October 6 Letter and Request is **GRANTED**.

4. Actavis shall file on the docket public copies of the October 6 Letter and Request consistent with this Order.

_____
**HONORABLE LOIS H. GOODMAN**
**UNITED STATES MAGISTRATE JUDGE**